IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANITA SHARMA, | § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:24-cv-1310-D-BN |
| CITY OF DALLAS, | § § § | |
| Defendant. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Antia Sharma filed a *pro se* civil rights complaint against Defendant City of Dallas [Dkt. No. 1], which Senior United States District Judge Sidney A. Fitzwater referred to the undesigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference.

Sharma then paid the applicable filing fee.

Sharma's doing so prevents judicial screening under 28 U.S.C. § 1915.

But the Court may still "consider the sufficiency of the complaint on its own initiative." *Guthrie v. Tifco Indus.*, 941 F.2d 374, 379 (5th Cir. 1991) (citation omitted); *see also Bell v. Valdez,* 207 F.3d 657 (table), 2000 WL 122411, at *1 n.1 (5th Cir. Jan. 4, 2000) (per curiam) ("[I]t is well-established that the district court may dismiss a complaint on [Federal Rule of Civil Procedure] 12(b)(6) grounds *sua sponte*." (citations omitted)).

"The broad rule is that 'a district court may dismiss a claim on its own motion as long as the procedure employed is fair.' More specifically, 'fairness in this context

requires both notice of the court's intention and an opportunity to respond' before dismissing *sua sponte* with prejudice." *Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) (citations omitted).

A magistrate judge's findings, conclusions, and recommendations provide notice, and the period for filing objections to them affords the parties an opportunity to respond. *See, e.g.*, *Starrett v. U.S. Dep't of Defense*, No. 3:18-cv-2851-M-BH, 2018 WL 6069969, at *2 (N.D. Tex. Oct. 30, 2018) (citations omitted), *rec. accepted*, 2018 WL 6068991 (N.D. Tex. Nov. 20, 2018), *aff'd*, 763 F. App'x 383 (5th Cir.) (per curiam), *cert. denied*, 140 S. Ct. 142 (2019).

So the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the complaint, which names the City as the only defendant, but allow Sharma leave to amend – to reallege claims against the City, to the extent that Sharma can allege plausible claims of municipal liability, and to name other defendants if Sharma determines that is necessary.

## Discussion

Sharma alleges against just the City, *see* Dkt. No. 1 at 2 – although the caption of the *pro se* complaint reads "CITY OF DALLAS, TEXAS et al," *id.* at 1, implying the possibility of other defendants – that her constitutional rights were violated when

> [o]n May 29 2022 I contacted the North Central Dallas Police to lodge a report for vandalism – burglary of my vehicle and assault by an individual while contacting the police. Police officers Brandon W Massey, Perez and Yancy Graves refused to take the complaint issuing me a citation instead contrary to video and physical evidence. When walking away from the squad car talking to my companion with no other members of the public within 0.12 miles, Massey exerted excessive force throwing and pinning me against the rear of my car, twisting my arms

> behind me, falsely arresting and detaining me while using racial slurs, precipitating an acute severe asthmatic attack. Despite I gasping, having difficulty breathing, I was denied medical attention, dragged and thrown into the back of the squad car. Perez assisted Massey making no attempt to stop the violation of my civil & endangerment of my health. This was witnessed by Amis Sharman who can attest to the above. Massey impeded Paramedics from providing me with emergency care when I was being transported to the ER after having called 911. While still in need of continued medical attention and monitoring, having received only preliminary medical care in the ER for respiratory distress and cardiac arrhythmia, I was then forcibly transported to and detained in a mental health unit against my will despite I having no history of such disease or substance abuse, for over an additional day, wherein I was subjected to demeaning procedures and processes until release.

*Id.* at 4 & 7.

These allegations, accepted as true at this stage, may be enough to plead plausible claims against at least one officer. But they are not enough to plausibly plead a claim under 42 U.S.C. § 1983 against the City.

"A person may sue a municipality that violates his or her constitutional rights [only] 'under color of any statute, ordinance, regulation, custom, or usage.'" *Hutcheson v. Dall. Cnty., Tex.*, 994 F.3d 477, 482 (5th Cir. 2021) (quoting Section 1983; citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)).

A plaintiff alleging a *Monell* claim "has two burdens: to [plausibly allege] (1) that a constitutional violation occurred and (2) that a municipal policy was the moving force behind the violation," *Sanchez v. Young Cnty., Tex.*, 956 F.3d 785, 791 (5th Cir. 2020) (citing *Monell*, 436 U.S. at 694).

So, "[i]n municipal-liability cases," a threshold question "is whether the complained-of 'act may fairly be said to represent official policy.'" *Id.* at 792-93 (cleaned up; quoting *Monell*, 436 U.S. at 694); *see also Hutcheson*, 994 F.3d at 483

(rejecting the argument that a district court errs by dismissing a *Monell* claim without first analyzing the underlying constitutional violation).

> And a plaintiff may proceed on a *Monell* claim only by
>
> identify[ing] "(1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose moving force is that policy (or custom)." *Pineda v. City of Hous.*, 291 F.3d 325, 328 (5th Cir. 2002) (cleaned up). Municipalities are not liable "on the theory of respondeat superior" and are "almost never liable for an isolated unconstitutional act on the part of an employee." *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009).

*Hutcheson*, 994 F.3d at 482; *see also Brown v. Tarrant Cnty., Tex.*, 985 F.3d 489, 497 & n.11 (5th Cir. 2021) (noting that where a plaintiff's claim fails as to one prong, a court "need not consider whether [his] claim also fails the other two *Monell* prongs" (citing *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 168-69 (5th Cir. 2010))).

"Official policy can arise in various forms. It usually exists in the form of written policy statements, ordinances, or regulations, but may also arise in the form of a widespread practice that is 'so common and well-settled as to constitute a custom that fairly represents municipal policy.'" *James v. Harris Cnty.*, 577 F.3d 612, 617 (5th Cir. 2009) (quoting *Piotrowski v. City of Hous.*, 237 F.3d 567, 579 (5th Cir. 2001) (quoting, in turn, *Webster v. City of Hous.*, 735 F.2d 838, 841 (5th Cir. 1984) (per curiam) (en banc))); *see also Brown*, 985 F.3d at 497 ("An 'official policy' may take two forms – either a 'policy statement formally announced by an official policymaker' or a 'persistent widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy.'" (quoting

*Zarnow*, 614 F.3d at 168-69)).

"Under the second requirement, a plaintiff must show '[a]ctual or constructive knowledge of [a] custom' that is 'attributable to the governing body of the municipality or to an official to whom that body ha[s] delegated policy-making authority.'" *Allen v. Hays*, 65 F.4th 736, 749 (5th Cir. 2023) (quoting *Webster*, 735 F.2d at 841). And "a plaintiff must allege 'moving force' causation by showing first, 'that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights.'" *Id.* (quoting *Valle v. City of Hous.*, 613 F.3d 536, 542 (5th Cir. 2010)).

"[T]he failure to provide proper training may fairly be said to represent a policy for which the [municipality] is responsible, and for which [it] may be held liable if it actually causes injury." *Shumpert v. City of Tupelo*, 905 F.3d 310, 317 (5th Cir. 2019) (quoting *City of Canton v. Harris*, 489 U.S. 378, 390 (1989)). And, although an alleged failure to train (or to supervise) "is a separate theory of municipal liability," "the same standard applies both to a failure to train [or to supervise] claim and to a municipal liability claim." *Pinedo v. City of Dall., Tex.*, No. 3:14-cv-958-D, 2015 WL 5021393, at *9 (N.D. Tex. Aug. 25, 2015) (citations omitted).

"The ratification theory provides another way of holding a city liable under § 1983" but only "if the policymaker approves a subordinate's decision and the basis for it, as this 'ratification' renders the subordinate's decision a final decision by the policymaker." *Allen*, 65 F.4th at 749 (footnote omitted). But "a policymaker who defends conduct that is later shown to be unlawful does not necessarily incur liability

on behalf of the municipality." *Peterson*, 588 F.3d at 849 (citation omitted).

This theory is also "limited to 'extreme factual situations,'" such that conduct may be unconstitutional but "not sufficiently extreme to qualify for a finding of ratification." *Davidson v. City of Stafford, Tex.*, 848 F.3d 384, 395-96 (5th Cir. 2017) (citations omitted)).

Most importantly, regardless the theory of municipal liability, "[t]o proceed beyond the pleading stage, a complaint's 'description of a policy or custom and its relationship to the underlying constitutional violation ... cannot be conclusory; it must contain specific facts.'" *Peña v. City of Rio Grande City*, 879 F.3d 613, 622 (5th Cir. 2018) (quoting *Spiller v. City of Tex. City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997); footnote omitted).

The plausibility of Sharma's claim against the City falters at the *Monell*'s initial prong – the single incident at issue is not enough to allege a policy.

While an official policy may include "practices so persistent and widespread as to practically have the force of law," to plausibly "plead that a practice is so persistent and widespread as to practically have the force of law, a plaintiff must do more than describe the incident that gave rise to his injury." *Johnson v. Harris Cnty.*, 83 F.4th 941, 946 (5th Cir. 2023) (cleaned up).

So, almost without exception, allegations "limited to the events surrounding the plaintiff" himself cannot constitute "an allegation of a *de facto* policy." *Culbertson v. Lykos*, 790 F.3d 608, 629 (5th Cir. 2015).

Instead, "[a] plaintiff can establish a policy by pointing to similar incidents that

are sufficiently numerous and have occurred for so long or so frequently that the course of conduct warrants the attribution to the governing body of knowledge that the objectionable conduct is the expected, accepted practice of [municipal] employees." *Robinson v. Midland Cnty.*, 80 F.4th 704, 710 (5th Cir. 2023) (cleaned up).

In sum, the Court should dismiss this complaint against the City of Dallas but allow Sharma leave to file an amended complaint within a reasonable time to be set by the Court.

## Recommendation

The Court should dismiss the complaint without prejudice to Plaintiff Antia Sharma's ability to file an amended complaint.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: June 21, 2024

 

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE