IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANITA SHARMA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-1310-D-BN |
| | § | |
| CITY OF DALLAS, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**
**REGARDING SERVICE AND DEFAULT**

*Pro se* Plaintiff Anita Sharma paid the fee to file this civil rights lawsuit on May 29, 2024, the two-year anniversary of the date on which Sharma alleges that an individual Dallas police officer used constitutionally excessive force against her. *See* Dkt. No. 1. The Court dismissed Sharma's claims against the City and the official capacity claims against the officer, *see* Dkt. Nos. 4-12, and approximately one year ago, Sharma filed a second amended complaint against just the officer, Defendant Brandon W. Massey, *see* Dkt. No. 13.

Concerning Sharma's responsibility to serve the operative complaint, Senior Judge Sidney A. Fitzwater entered two orders under Federal Rules of Civil Procedure 4(m) and 6(b) [Dkt. Nos. 14 & 18] and, in the second order, set out this background:

> On March 31, 2025 the court ordered plaintiff to comply with these rules. On April 14, 2025 plaintiff responded to that order and requested that the clerk of court issue a summons to Massey. The court did not dismiss plaintiff's action against Massey at that time. But it has now been almost six months since the court granted plaintiff another opportunity to effect service on Massey, and there is nothing in the record to indicate that she has done so. Therefore, if plaintiff does not

> comply with this order by the response date specified above, plaintiff's action against Massey will be subject to dismissal without further notice.

Dkt. No. 18 (requiring Sharma to "demonstrate good cause … for failing to effect service on defendant Brandon W. Massey … by filing a written response with the clerk of court no later than [October 17, 2025]" and cautioning Sharma that, "[i]f the court does not receive the required response on or before the response date, or if the response received by the court fails to demonstrate good cause, the court will dismiss this action as to Massey, without prejudice, by authority of Rule 4(m)").

Because Sharma failed to comply with the second order, the Court dismissed the claims against Massery without prejudice on October 20, 2025. *See* Dkt. Nos. 19 & 20.

More than one month later, Sharma moved to reinstate her lawsuit; she then amended that motion on December 5, 2025. *See* Dkt. Nos. 22 & 23.

Considering the amended motion under Federal Rule of Civil Procedure 60(b), Judge Fitzwater Sharma's motions on January 20, 2026, vacated the October 20 judgment, and referred this case to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b). *See* Dk. No. 23.

The Court enters this order to outline the next steps that Sharma must take to prosecute this lawsuit.

Through her most recent filings, Sharma appears to have offered some evidence that could show that Massey was served by registered or certified mail on May 9, 2025. *See* Dkt. No. 22-1 at 14.

And, if Sharma believes that Massey was properly served on that date and has since failed to respond to the complaint or otherwise defend this lawsuit, Sharma must move for entry of default and a default judgment against Massey to avoid the dismissal of this case. *See* N.D. TEX. L. CIV. R. 55.1 ("If a defendant has been in default for 90 days, the presiding judge may require the plaintiff to move for entry of a default and a default judgment. If the plaintiff fails to do so within the prescribed time, the presiding judge will dismiss the action, without prejudice, as to that defendant.").

But, before the Court may enter default or default judgment against a defendant, the Court must have jurisdiction over that defendant. Such personal jurisdiction must be obtained through proper service of process.

That is because service of process is "fundamental to any procedural imposition on a named defendant" and is therefore "the official trigger for responsive action by an individual or entity named defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350, 353 (1999).

So "[a] federal court is without personal jurisdiction over a defendant unless the defendant has been served with process in accordance with Federal Rule of Civil Procedure 4." *Naranjo v. Universal Sur. of Am.*, 679 F. Supp. 2d 787, 795 (S.D. Tex. 2010) (citing *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987), *superseded by statute on other grounds, see* FED. R. CIV. P. 4(k)(2)); *accord Pennie v. Obama*, 255 F. Supp. 3d 648, 658 (N.D. Tex. 2017).

And, so, "[w]hen a plaintiff fails to properly serve process on a defendant, the district court lacks personal jurisdiction over the defendant and any default judgment

would be void." *Webster v. Kijakazi*, No. 21-50455, 2021 WL 4468889, at *3 (5th Cir. Sept. 29, 2021) (per curiam) (citing *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 940 (5th Cir. 1999)); *see also Rogers*, 167 F.3d at 937 ("[A] defendant can not make an appearance for purposes of Rule 55(b)(2) until after the plaintiff effects service and the defendant becomes susceptible to default.").

Turning to the evidence of Sharma's service on Massey, "[s]ervice by mail is not expressly permitted by Federal Rule of Civil Procedure 4." *Caceres-Mejia v. Watson*, 718 F. App'x 307, 309 (5th Cir. 2018) (per curiam); *see also Gilliam v. Cnty. of Tarrant*, 94 F. App'x 230, 230 (5th Cir. 2004) (per curiam) (noting that "the use of certified mail is not sufficient to constitute 'delivering' under Rule 4" (citing *Peters v. United States*, 9 F.3d 344, 345 (5th Cir. 1993))).

Still, "an individual may be served by 'following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made.'" *Caceres-Mejia*, 718 F. App'x at 309 (quoting FED. R. CIV. P. 4(e)(1)); *see also* FED. R. CIV. P. 4(h)(1)(A).

And Texas law does contemplate the use of mail – more specifically, Texas law provides for service by registered or certified mail, with return receipt requested. *See* TEX. R. CIV. P. 106(a)(2) ("Unless the citation or an order of the court otherwise directs, the citation shall be served by any person authorized by Rule 103 by mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto."); *see also Cross v. Grand Prairie*, No. 3:96-cv-446-P, 1998 WL 133143, at *6 (N.D. Tex. Mar. 17, 1998)

("Although Rule 4(e)(1) authorizes service pursuant to Texas law, absent prior authorization by the trial court, the only methods of service permitted in Texas are service in person or by registered mail." (citing TEX. R. CIV. P. 106(a))).

But it still matters who serves the defendant by mail, as neither Rule 4 nor Texas's rules allow a party to serve a defendant. *See* FED. R. CIV. P. 4(c)(2) ("Any person who is at least 18 years old and not a party may serve a summons and complaint."); TEX. R. CIV. P. 103.

As to persons authorized to serve process under Texas law, Rule 103 provides "that a sheriff, a constable, or any person authorized by law or by written order of the court not less than 18 years of age may serve any process, '[b]ut *no person who is a party* to or interested in the outcome of the suit may serve any process in that suit.'" *Blanton-Bey v. Carrell*, No. H-09-3697, 2010 WL 1337740, at *2 (S.D. Tex. Mar. 26, 2010) (quoting TEX. R. CIV. P. 103; emphasis provided by *Blanton-Bey*); *see also Lucky v. Haynes*, No. 3:12-cv-2609-B, 2013 WL 3054032, at *2 (N.D. Tex. June 18, 2013) ("Upon amendment of the relevant [Texas] rules, federal district courts in Texas interpreting Texas Rule 103 have found that the clerk of the court or one of the three authorized persons in Rule 103 can serve process by certified mail." (citations omitted)); *accord Carter v. EZ Flo Int'l*, No. 6:22-CV-00094-JDK, 2022 WL 17541407, at *7 (E.D. Tex. Sept. 2, 2022), *rec. adopted*, 2022 WL 17091857 (E.D. Tex. Nov. 21, 2022).

Texas law also requires that particular information be included in the return of service, such as the address served and the date of service or attempted service, *see*

TEX. R. CIV. P. 107(b), and "when certified mail has been selected as the method of service, Texas law further requires that the return receipt be signed by the addressee," *Lucky*, 2013 WL 3054032, at \*3 (citing TEX. R. CIV. P. 107(c); *Keeton v. Carrasco,* 53 S.W.3d 13, 19 (Tex. App. – San Antonio 2001, pet. denied)); *accord Carter*, 2022 WL 17541407, at \*7.

And where a plaintiff is the person who sends the registered or certified mail to a defendant, such service is invalid. *See Hill v. N. Tex. State Hosp.*, No. 7:09-cv-158-O, 2010 WL 342227, at \*1-\*2 (N.D. Tex. Jan. 26, 2010) (Because "[i]t conclusively appears from the file materials that Plaintiff alone caused the summonses to be mailed by certified mail to the defendants, … plaintiff has failed to comply with either of the Rule 4 prescribed means of affecting service of process in this case." And, so, the Court should "deny Plaintiff's Motion for Default." (cleaned up)); *Carter*, 2022 WL 17541407, at \*7 ("For Plaintiff's certified mail service of process to be valid, a copy of the summons and complaint must have been sent by an authorized uninterested party and served on the Defendant. *See* TEX. R. CIV. P. 103, 106(a)(2). However, in this case, there is no evidence that an authorized uninterested party mailed a copy of the complaint with the summons. Rather, the unexecuted summons indicates that Plaintiff attempted to serve EZ Flo himself via certified mail."); *Williams v. Midland Credit Mgmt., Inc.*, No. 4:24-cv-110-P, 2024 WL 1540265, at \*1 (N.D. Tex. Mar. 18, 2024) ("Plaintiff, in his response, admits that the service by certified mail on Defendant was sent directly by the Plaintiff to the Defendant…. Consequently, the Court finds and concludes that Plaintiff has failed to establish proper service of

process on Defendant that complies with the Federal and Texas Rules of Civil Procedure." (cleaned up)), *rec. adopted*, 2024 WL 1543762 (N.D. Tex. Apr. 9, 2024); *see also Mori Seiki USA, Inc. v. McIntyre*, No. 3:06-cv-2344-B, 2007 WL 2984658, at *1 (N.D. Tex. Oct. 12, 2007) ("Because it is unclear who sent Taylor the certified mail, the Court … finds that the [motion] should be denied without prejudice pending the filing of a motion complying with the Rule 4 requirements for service of process." (cleaned up)).

Sharma's evidence as to service on Massey by registered or certified mail fails to provide conclusive evidence as to who sent the mail to Massey where the response from the United States Postal Service begins: "Dear Anita Sherman, The following is in response to your request for proof of delivery on your item with [the following] tracking number." Dkt. No. 22-1 at 14.

And, so, Sharma is ORDERED to file a response to this order by **February 25, 2026**. If Sharma elects to respond by moving for entry of default and a default judgment against Massey, that motion must be supported by evidence (i.e., an affidavit or declaration) that reflects that Massey was properly served – including by whom. Absent such evidence, the Court cannot find that Massey is in default. And, if Sharma believes that the attempt to serve Massey was not proper, she must move for an extension of time to properly effect service on him by demonstrating good cause under Rule 4(m).

SO ORDERED.

DATED: January 23, 2026

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE